STONE *v.* SETTAS.

JUDGMENT—CERTIFIED AWARD OF WORKMEN'S COMPENSATION.
Order denying entry of judgment upon certified award of workmen's compensation is ordered reversed and judgment entered upon the award, where no reason is given for entry of order appealed from for failure to comply with the statute requiring that such judgment be entered except where payment of award has been made (CL 1948, § 413.13).

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 9, 1962. (Docket No. 48, Calendar No. 49,078.) Decided March 19, 1962.

Motion by William Stone for entry of judgment against Theodore Settas on award of workmen's compensation. Motion denied and cause dismissed. Plaintiff appeals. Reversed and remanded for entry of judgment.

Rothe, Marston, Mazey, Sachs & O'Connell (D. Charles Marston, of counsel), for plaintiff.

KAVANAGH, J. On August 12, 1960, plaintiff, previously having obtained an award from the workmen's compensation department, filed a motion for entry of judgment in the Wayne county circuit court in accordance with the statute.*

---

* The statute (CL 1948, § 413.13 [Stat Ann 1950 Rev § 17.187]) reads as follows:
"Any party may present a certified copy of a decision made by the compensation commission, or any member or deputy member

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation §§ 484, 516.

The motion for entry of judgment was set for hearing on August 26, 1960, and was assigned to the Honorable Carl M. Weideman, circuit judge. The matter was adjourned by Judge Weideman on the date of hearing and the court ordered the plaintiff to obtain the attendance of the defendant on the adjourned date. Defendant was given notice and appeared before the circuit judge. He was advised by the circuit judge to obtain counsel to represent him in the matter. Thereafter, on September 23, 1960, an appearance was filed in the circuit court by counsel on behalf of defendant. There were several additional appearances before the circuit judge.

The judge refused to enter a judgment in the matter, and on December 15, 1960, entered an order dismissing plaintiff's petition to grant a judgment on the award of the workmen's compensation department. No reasons were assigned for the trial court's refusal to grant the entry of a judgment.

The plaintiff appeals asking that the order dismissing the petition for judgment be reversed and that he may have judgment in accordance with the statute.

No brief has been filed in this Court on behalf of defendant.

An examination of the record in this case discloses no justifiable reason for the refusal of the circuit judge to enter judgment based upon the award of the workmen's compensation department in accordance with the statute.

The order dismissing plaintiff's motion to grant a judgment on the award of the workmen's compen-

---

thereof, in any compensation proceeding to the circuit court of the circuit in which the injury occurred or to the circuit court of the county of Ingham if the injury was sustained without the State of Michigan, whereupon said court shall, upon 7 days' notice to the opposite party or parties, render judgment in accordance therewith unless proof of payment is made; such judgment shall have the same effect as though rendered in an action tried and determined in said court and shall with like effect be entered and docketed."

sation department is reversed and the matter is remanded to the lower court for entry of a judgment in accordance with the terms of the award. Plaintiff shall have costs.

DETHMERS, C. J., and CARR, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.